# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 17-60672
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

December 21, 2018

Lyle W. Cayce
Clerk

SILVIA MARLENE ORTEGA-HERNANDEZ; SILVIA YAMILETH RODRIGUEZ-ORTEGA,

Petitioners

v.

MATTHEW G. WHITAKER, ACTING U.S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A206 846 102
BIA No. A206 846 103

Before KING, SOUTHWICK, and ENGELHARDT, Circuit Judges.

PER CURIAM:[*]

Silvia Marlene Ortega-Hernandez and her daughter Silvia Yamileth Rodriguez-Ortega, are natives and citizens of El Salvador who entered the United States without being admitted or paroled. They have filed a petition seeking review of the decision by the Board of Immigration Appeals (BIA)

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 17-60672

dismissing their appeal from the immigration judge's (IJ's) denial of their applications for asylum and withholding of removal.

Because the BIA agreed with the IJ's determinations regarding the petitioners' eligibility for immigration relief, both decisions are reviewable. *Wang v. Holder*, 569 F.3d 531, 536 (5th Cir. 2009). This court reviews findings of fact for substantial evidence. *Id.*

Although the BIA erred by concluding that the IJ found that the petitioners failed to establish a nexus between the feared persecution and a protected ground, substantial evidence supports the denial of asylum and withholding of removal. *See id.* The IJ's finding that the petitioners failed to demonstrate an objective fear of persecution is supported by substantial evidence, and the record does not compel a contrary conclusion. *See id.* The petitioners complain that the BIA and IJ failed to consider the four-factor test, but the petitioners fail to demonstrate that Mara 18 members have the inclination to punish their family members. *See Zhao v. Gonzales*, 404 F.3d 295, 307 (5th Cir. 2005). While the petitioners contend that the BIA addressed only whether the Salvadoran government was willing, and not whether it was able, to control criminal gangs, as long as a government is taking reasonable steps to protect its citizens from harm in question, such efforts are sufficient to defeat a claim that it is either unable or unwilling to control private parties.

Accordingly, the petitioners fail to show that they were eligible for asylum. *See Wang*, 569 F.3d at 536. The petitioners have also failed to meet the higher standard of showing that they are entitled to withholding of removal. *See Efe v. Ashcroft*, 293 F.3d 899, 906 (5th Cir. 2002). The petition for review is DENIED.